**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

November 23, 2022

**By ECF**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Otis Parkes**
      03 Cr. 1364 (LAK)

Dear Judge Kaplan:

On behalf of Otis Parkes, I write to address the impact of the Second Circuit's order of vacatur and remand on Parkes's pending 28 U.S.C. § 2255 motion. In light of the Second Circuit's order, the Supreme Court's decisions in United States v. Davis, 139 S. Ct. 2339 (2019), and United States v. Taylor, 142 S. Ct. 2015 (2022), and for the reasons set forth below, this Court should grant Parkes's motion, vacate his Count 3 conviction (in addition to Count 4, which this Court has already vacated), and issue an amended judgment so reflecting.

## Background

Parkes was convicted, following a jury trial before this Court, of five counts arising from a botched robbery of a marijuana dealer:

- Count 1: conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951.
- Count 2: attempted Hobbs Act robbery, id.
- Count 3: using, carrying, and possessing a firearm during and in relation to a crime of violence, namely, Counts 1 and 2, 18 U.S.C. § 924(c).
- Count 4: using, carrying, and possessing a firearm during and in relation to a crime of violence, namely, Count 1, and causing death, 18 U.S.C. § 924(i)(1).
- Count 5: possessing a firearm following a felony conviction, 18 U.S.C. § 922(g)(1).

See Cr. Dkt. No. 214, at 1.

The Second Circuit affirmed the convictions but vacated the sentence and remanded for resentencing. United States v. Parkes, 497 F.3d 220 (2d Cir. 2007). On remand, this Court resentenced Parkes to concurrent statutory-maximum terms of 240 months on Counts 1 and 2, a

Hon. Lewis A. Kaplan November 23, 2022
United States District Judge Page 2

**Re: United States v. Otis Parkes**
  03 Cr. 1364 (LAK)

concurrent statutory-maximum term of 120 months on Count 5, a consecutive life term on Count 3, and no sentence on Count 4. Cr. Dkt. No. 214, at 1–2.

Following Johnson v. United States, 576 U.S. 591 (2015), and Davis, the Second Circuit granted Parkes leave to file a successive § 2255 motion challenging Counts 3 and 4, and transferred proceedings to this Court. Order at 1, Parkes v. United States, No. 16–1985 (2d Cir. May 12, 2020).

This Court granted in part and denied in part Parkes's successive § 2255 motion. Cr. Dkt. No. 214. Accepting the government's concession, this Court vacated Count 4, which was predicated on conspiracy to commit Hobbs Act robbery, in light of Davis. Cr. Dkt. No. 214, at 2. However, this Court denied the motion to vacate Count 3, reasoning that Count 3 was predicated on both conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, the latter of which continued to qualify as an 18 U.S.C. § 924(c)(3)(A) crime of violence under United States v. McCoy, 995 F.3d 32 (2d Cir. 2021), vacated sub nom. McCoy v. United States, 142 S. Ct. 2863 (2022). Cr. Dkt. No. 214, at 2. Finally, this Court declined to resentence Parkes, and instead issued an amended judgment vacating Count 4. Cr. Dkt. Nos. 214, 215.

Parkes appealed. In light of Taylor (holding that attempted Hobbs Act robbery is not a § 924(c)(3)(A) crime of violence), and with the government's consent, the Second Circuit granted a certificate of appealability on the question whether Count 3 "remains supported by any valid crime-of-violence predicate," vacated this Court's orders denying relief (Cr. Dkt. Nos. 213 and 214), and remanded for further proceedings. Order at 1, United States v. Parkes, No. 21–1324 (2d Cir. Oct. 14, 2022). Specifically, the Second Circuit directed that on remand:

> The district court should decide in the first instance [i] whether the case law underlying Appellant's claim may be applied retroactively to cases on collateral review and [ii] whether Appellant's § 924(c) conviction is still supported by any valid crime-of-violence predicate.

Order at 2, Parkes, 2d Cir. No. 21–1324.

**Argument**

This Court should vacate Count 3 (in addition to Count 4, which this Court has already vacated) and issue an amended judgment so reflecting.

1. Count 3 was predicated on two crimes of violence: conspiracy to commit Hobbs Act robbery, as charged in Count 1, and attempted Hobbs Act robbery, as charged in Count 2. Neither can support a § 924(c) conviction. In Davis, the Supreme Court held that § 924(c)(3)(B)'s residual clause is void for vagueness, precluding the use of conspiracy to commit Hobbs Act robbery as a § 924(c) predicate. See, e.g., United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019). Indeed, this Court so concluded in vacating Count 4. Next, in Taylor,

Hon. Lewis A. Kaplan  November 23, 2022
United States District Judge  Page 3

**Re:   United States v. Otis Parkes**
      **03 Cr. 1364 (LAK)**

the Supreme Court held that attempted Hobbs Act robbery does not satisfy the surviving prong of § 924(c)'s crime-of-violence definition, § 924(c)(3)(A)'s elements clause. 142 S. Ct. at 2020. Accordingly, Taylor affirmed the vacatur of a § 924(c) conviction that, like Count 3, was predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery—a challenge raised, like Parkes's, via successive § 2255 motion. See 142 S. Ct. at 2019 (specifying predicates for Taylor's § 924(c) conviction); id. at 2019, 2026 (noting that Fourth Circuit had vacated § 924(c) count and affirming vacatur); id. at 2027 (Thomas, J., dissenting) (observing that § 2255 motion before Supreme Court was successive).

Taylor, which is directly on point, compels vacatur of Count 3. Just like Taylor, Parkes was convicted of a § 924(c) count predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. Just like Taylor, Parkes challenged that conviction via successive § 2255 motion. Taylor is controlling, as the government agrees: Post-Taylor, the government has consented to vacatur of § 924(c) convictions predicated in whole or in part on attempted Hobbs Act robbery in successive § 2255 cases. E.g., Order, United States v. Murry, No. 16–7424 (4th Cir. Oct. 14, 2022), Dkt. No. 53–1 (in successive § 2255 case, accepting government's concession, vacating §§ 924(c)/924(j) count predicated on attempted Hobbs Act robbery); Francies v. United States, 2022 WL 2763385 (7th Cir. July 15, 2022) (in successive § 2255 case, accepting government's concession, vacating one § 924(c) count predicated on conspiracy to violate civil rights and attempted Hobbs Act robbery, and another § 924(c) count predicated on attempted Hobbs Act robbery); Gov't Letter at 1, 6, 8, 9, United States v. Myton, 98 Cr. 500 (FB) (E.D.N.Y. Oct. 21, 2022), Dkt. No. 568 (in successive § 2255 case, conceding that § 924(c) convictions predicated on attempted Hobbs Act robbery must be vacated); Gov't Letter at 1, 6, 9, United States v. Bernard, 98 Cr. 500 (FB) (E.D.N.Y. Oct. 14, 2022), Dkt. No. 566 (in successive § 2255 case, conceding that §§ 924(c) and 924(j) convictions predicated on attempted Hobbs Act robbery must be vacated).

2.   The two tasks listed in the Second Circuit's remand order are easily resolved.

A.   The "case law" on which Parkes relies—principally, the Supreme Court's decisions in Davis and Taylor—"may be applied retroactively to cases on collateral review." Order at 2, Parkes, 2d Cir. No. 21–1324.

"'[N]ew substantive rules generally apply retroactively.'" Welch v. United States, 578 U.S. 120, 128 (quoting Schriro v. Summerlin, 542 U.S. 348, 351 (2004)). "'A rule is substantive ... if it alters the range of conduct or class of persons that the law punishes.'" Id. at 129 (quoting Summerlin, 542 U.S. at 353). "'This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute as beyond the State's power to punish.'" Id. (quoting Summerlin, 542 U.S. at 351–52).

In Welch, the Supreme Court held that Johnson, which invalidated as void for vagueness the residual clause of the Armed Career Criminal Act's definition of "violent felony," 18 U.S.C.

Hon. Lewis A. Kaplan  November 23, 2022
United States District Judge  Page 4

**Re:   United States v. Otis Parkes**
      **03 Cr. 1364 (LAK)**

§ 924(e)(2)(B)(ii), was "a substantive decision and so has retroactive effect ... in cases on collateral review." 578 U.S. at 130. As Welch explained: "By striking down the residual clause as void for vagueness, Johnson changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" Id. at 129 (quoting Summerlin, 542 U.S. at 353). "Before Johnson, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After Johnson, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under Johnson, so it can no longer mandate or authorize any sentence. Johnson establishes, in other words, that 'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause.' It follows that Johnson is a substantive decision." Id. at 129–30 (quoting United States v. United States Coin & Currency, 401 U.S. 715, 724 (1971)).

Welch's reasoning and holding establish that Davis and Taylor, just like Johnson, are substantive and therefore retroactive.

As for Davis: By striking down § 924(c)(3)(B)'s residual clause as void for vagueness, Davis changed the substantive reach of § 924(c), altering the range of conduct that the law punishes. Before Davis, a person who used a firearm during and in relation to a conspiracy to commit Hobbs Act robbery was punishable not just by zero to 20 years for the conspiracy, but also by a mandatory consecutive term of at least five years, and up to life. See, e.g., United States v. Barrett, 903 F.3d 166, 169–70 (2d Cir. 2018) (affirming § 924(c) conviction predicated on conspiracy to commit Hobbs Act robbery). After Davis, that person is punishable only for the conspiracy and faces at most 20 years. Section 924(c)(3)(B)'s residual clause "can no longer mandate or authorize any sentence," and is therefore substantive. See, e.g., Knowles v. United States, 2022 WL 999078, at *19 n.17 (S.D.N.Y. March 30, 2022) (accepting this argument, concluding that "the new rule announced in Davis is substantive and thus has retroactive effect on collateral review").

On similar logic, Davis has been made retroactive under the multiple-holdings test of Tyler v. Cain, 533 U.S. 656, 666 (2001) ("Multiple cases can render a new rule retroactive ... if the holdings in those cases necessarily dictate retroactivity of the new rule."). As Justice O'Connor's Tyler concurrence elaborates, if the Supreme Court "hold[s] in Case One that a particular type of rule applies retroactively to cases on collateral review and hold[s] in Case Two that a given rule is of this particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review." Id. at 668–69. Here, Welch (Case One) holds that Johnson's vagueness holding applies retroactively, 578 U.S. at 130; and Davis (Case Two) holds that its invalidation of § 924(c)(3)(B) is a Johnson-type rule, 139 S. Ct. at 2325–27. Thus, Davis applies retroactively.

In line with the above, numerous Circuits have reached that conclusion. E.g., In re Thomas, 988 F.3d 783, 789 (4th Cir. 2021); King v. United States, 965 F.3d 60, 64 (1st Cir.

2020); In re Franklin, 950 F.3d 909, 910 (6th Cir. 2020); In re Mullins, 942 F.3d 975, 979 (10th Cir. 2019); In re Matthews, 934 F.3d 296, 301 (3d Cir. 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). And in this case, the government has so conceded. See Cr. Dkt. No. 204, at 22 n.9 (Parkes "invokes a new rule of constitutional law made retroactive by the Supreme Court."); see also Taylor, 142 S. Ct. at 2019 (government "did not ... oppose [Davis's] retroactive application to ... Taylor's case").

With respect to Taylor, a similar analysis governs. Taylor narrowed § 924(c)(3)(A)'s scope by interpreting its terms to exclude attempted Hobbs Act robbery as a predicate crime of violence. Before Taylor, a person who used a firearm during and in relation to an attempted Hobbs Act robbery was punishable not just by zero to 20 years for the attempt, but also by a mandatory consecutive term of at least five years, and up to life. See, e.g., McCoy, 995 F.3d at 66 (affirming § 924(c) convictions predicated on attempted Hobbs Act robbery). After Taylor, that person is punishable only for the attempt and faces at most 20 years. Even the use of impeccable factfinding procedures could not legitimate a jury conviction and mandatory consecutive sentence for using a firearm during and in relation to an attempted Hobbs Act robbery: Section 924(c) no longer criminalizes that conduct. Taylor is therefore substantive and has retroactive effect. Moreover, Taylor is retroactive for the additional reason that it is a statutory construction decision, and such decisions always have retroactive effect. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 312–13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.").

Decisions narrowing the scope of elements clauses similar to § 924(c)(3)(A) have consistently been held to have retroactive effect. See, e.g., United States v. Toki, 23 F.4th 1277, 1281 (10th Cir. 2022) (accepting government's concession that Borden v. United States, 141 S. Ct. 1817 (2021)—which interpreted ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), to exclude offenses with a mens rea of recklessness—applies retroactively); Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012) (accepting government's concession that Johnson v. United States, 559 U.S. 133 (2010)—which interpreted ACCA's elements clause to exclude battery offenses that could be satisfied by offensive touching—applies retroactively); United States v. Camacho-Lopez, 450 F.3d 928, 930 (9th Cir. 2006) (accepting government's concession that Leocal v. Ashcroft, 543 U.S. 1 (2004)—which interpreted 18 U.S.C. § 16(a)'s elements clause to exclude a DUI offense with no mens rea requirement—applies retroactively).

Finally, Taylor itself was a collateral-review case, and the Supreme Court applied the new rule announced therein—attempted Hobbs Act robbery is not a § 924(c)(3)(A) crime of violence—to vacate the § 924(c) conviction of Taylor, a successive § 2255 movant. "[O]nce a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated." Teague v. Lane, 489 U.S. 288, 300 (1989); see also id. at 316 ("We ... refuse to announce a new rule in a given case unless the rule would be applied retroactively to the defendant in the case and to all others similarly situated."). As shown above, Parkes and Taylor are identically situated, so Parkes, like Taylor, is

Hon. Lewis A. Kaplan                                                                                    November 23, 2022
United States District Judge                                                                                         Page 6

**Re:**   **United States v. Otis Parkes**
          **03 Cr. 1364 (LAK)**

entitled to the benefit of Taylor's holding.

   B. Parkes's Count 3 conviction is no longer "supported by any valid crime-of-violence predicate." Order at 2, Parkes, 2d Cir. No. 21–1324. The indictment alleged, and the jury was instructed, that Count 3 was predicated on two potential crimes of violence—the Count 1 conspiracy to commit Hobbs Act robbery, and the Count 2 attempted Hobbs Act robbery. See Cr. Dkt. No. 197, at 3–4. Davis invalidates the first, and Taylor the second. No other conceivable "crime-of-violence predicate" can sustain the § 924(c) charge, so Count 3 must fall.

   3. The appropriate remedy is vacatur of Count 3 and issuance of an amended judgment so reflecting. As this Court has already ruled in this case, "vacatur of one count of conviction does not require de novo resentencing in the Section 2255 context." Cr. Dkt. No. 214, at 2 (citing Ayyad v. United States, 2020 WL 5018163, at *2 (S.D.N.Y. Aug. 24, 2020)). Indeed, in its prior order on Parkes's § 2255 motion, this Court declined to resentence Parkes de novo, and instead vacated his Count 4 conviction and issued an amended judgment. Cr. Dkt. No. 214, at 3; Cr. Dkt. No. 215.

   This Court has already imposed statutory-maximum sentences on the remaining counts of conviction: Counts 1 (20 years), 2 (20 years), and 5 (10 years), all to run concurrently. Moreover, in the course of denying Parkes's first § 2255 motion, this Court observed: "Parkes argues, correctly, that he can be sentenced only to 20 years on Counts 1, 2, and 5." Cr. Dkt. No. 135, at 4. This Court thus need not resentence Parkes de novo, but can instead follow its earlier course by vacating Count 3 in addition to Count 4 and issuing an amended judgment so reflecting.

                  Respectfully submitted,

                  /s/ Daniel Habib, Esq.
                  Assistant Federal Defender
                  Tel.: (646) 484-1724

CC: Government counsel (by ECF)