UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
OTIS PARKES,

                         Movant,

         -against-

UNITED STATES OF AMERICA,

                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

16-cv-04771 (LAK)
(03-cr-01364 (LAK))

**MEMORANDUM OPINION**

Appearances:

                Otis Parkes
                Movant *Pro se*

                Danielle M. Kudla
                Assistant United States Attorney
                DAMIAN WILLIAMS
                UNITED STATES ATTORNEY

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on remand by the Second Circuit of movant Otis Parkes' successive Section 2255 motion.[1] Parkes argues that, in view of the Second Circuit's order and the Supreme Court's decisions in *United States v. Davis*[2] and *United States v. Taylor*,[3] this Court should grant Parkes' motion, vacate his Count Three conviction (in addition to Count Four, which

---

[1] *United States v. Parkes*, No. 21-1324 (2d Cir. Oct. 14, 2022), Dkt 49.

[2] 139 S. Ct. 2339 (2019).

[3] 142 S. Ct. 2015 (2022).

2

this Court already has vacated[4]), and issue an amended judgment so reflecting. For the reasons set forth below, movant's motion to vacate his conviction on Count Three is granted.

*Facts*

In June 2003, movant Otis Parkes agreed with Duane Beaty and Steven Young to rob a marijuana dealer, Ruben Medina. While searching the apartment for marijuana, Young shot and killed Medina. All three men fled the apartment without finding any marijuana.[5]

Parkes was charged with five counts arising from the attempted armed robbery. Count One charged him with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Count Two charged attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2. Count Three charged using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(a)(iii) and 2. Count Four charged him with using, carrying, and possessing a firearm during and in relation to a crime of violence and causing death through the use of a firearm in violation of 18 U.S.C. §§ 924(i)(1) and 2. Count Five charged him with possessing a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1).

The jury instructions permitted conviction on Count Three if the jury convicted Parkes either of the alleged conspiracy to commit Hobbs Act robbery charged in Count One or the

---

[4] *See* Dkt 214, at 3.

Docket numbers refer to 03-cr-01364 unless otherwise noted.

[5] *Id.* at 1.

alleged attempted Hobbs Act robbery charged in Count Two.[6] The predicate offense for conviction on Count Four was a finding of guilt on the conspiracy charged in Count One. The jury convicted Parkes on all five counts. The verdict did not specify whether Count One or Count Two was the predicate offense for conviction on Count Three.[7]

Parkes timely appealed his convictions and sentence. As relevant to the pending motion, Parkes did not raise any arguments on appeal that related to whether conspiracy to commit Hobbs Act robbery or attempted Hobbs Act robbery were crimes of violence within the meaning of 18 U.S.C. § 924(c). The Second Circuit affirmed the convictions but remanded for resentencing. It concluded that Count Three was a lesser-included offense of Count Four and that Parkes therefore could not be sentenced on both counts.[8] On remand, this Court resentenced Parkes to concurrent terms of 240 months on Counts One and Two, a concurrent term of 120 months on Count Five, and a term of life imprisonment on Count Three, that term to run consecutively to his sentences on Counts One, Two, and Five.[9] Parkes was not sentenced on Count Four.

On December 18, 2009, Parkes filed a *pro se* Section 2255 motion challenging his conviction and sentence on the basis of ineffective assistance of counsel (the "First Section 2255 Motion").[10] Parkes again did not raise any arguments challenging whether conspiracy to commit

---

[6] Tr. at 500.

[7] *Id*. at 570.

[8] *United States v. Parkes*, 497 F.3d 220, 234 (2d Cir. 2007).

[9] Resentencing Tr. at 11.

[10] *Parkes v. United States*, No. 09-cv-10284 (S.D.N.Y. Dec. 18, 2009), Dkt 1.

4

Hobbs Act robbery or attempted Hobbs Act robbery was a crime of violence within the meaning of 18 U.S.C. § 924(c).[11]  On January 3, 2011, this Court denied Parkes' motion for a certificate of appealability as to the First Section 2255 Motion.[12]

On May 12, 2020, the Second Circuit granted Parkes leave to file a successive Section 2255 motion challenging Counts Three and Four in view of the Supreme Court's decisions in *Johnson v. United States*[13] and *United States v. Davis*.[14]  In his successive 2255 motion, Parkes argued that his Section 924(c) and 924(i) convictions should be vacated because neither a conspiracy to commit Hobbs Act robbery nor attempted Hobbs Act robbery remained a valid predicate offense after *Davis*.  The government conceded that the conviction on Count Four, which was predicated only on the Hobbs Act robbery conspiracy count, should be vacated in light of *Davis*, but opposed vacating Parkes' conviction on Count Three.

On May 4, 2021, the Court entered an order vacating Parkes' conviction on Count Four.[15]  It denied Parkes' motion to vacate Count Three "substantially for the reasons set forth in the government's opposition and March 26, 2021 letter" and, in particular, in view of the Second

---

[11] Dkts 126, 130, 131, 135.

[12] *Parkes v. United States*, No. 10-2681 (2d Cir. Jan. 3, 2011), Dkt 44.

[13] 576 U.S. 591 (2015).

[14] 139 S. Ct. 2319 (2019).

*Parkes v. United States*, No. 16-1985 (2d Cir. May 12, 2020), Dkt 83.

[15] Dkt 214, at 2.

5

Circuit's decision in *United States v. McCoy*,[16] which had held that attempted Hobbs Act robbery qualified as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).[17] It did so essentially because Parkes was found guilty on both Counts One and Two, and Count Two remained a valid predicate offense at that time. Finally, the Court entered an amended judgment reflecting the vacatur of Count Four and denied a certificate of appealability.[18]

On May 18, 2021, Parkes appealed the Court's order.[19] The Second Circuit stayed Parkes' appeal pending the Supreme Court's decision in *United States v. Taylor*,[20] which ultimately held that attempted Hobbs Act robbery is not a Section 924(c)(3)(A) crime of violence. Following *Taylor*, Parkes moved on July 11, 2022 to vacate the stay and sought a certificate of appealability with respect to the validity of Count Three. In sum, he asked the Circuit to vacate this Court's denial of the Section 2255 motion on that issue and to remand for further proceedings.[21] The government consented to Parkes' requested relief "without prejudice to its right to address on remand whether Parkes's motion satisfies any other applicable requirements of relief, including the requirements applicable to second or successive Section 2255 motions pursuant to 28 U.S.C. §§

---

[16] 995 F.3d 32, 57 (2d Cir. 2021).

[17] Dkt 214, at 2 (citing Dkts 209, 210).

[18] Dkt 214, at 3.

[19] *See* Dkt 216; *United States v. Parkes*, No. 21-1324 (2d Cir. May 18, 2021), Dkt 1.

[20] 142 S. Ct. 2015 (2022).

[21] *Parkes*, No. 21-1324 (2d Cir. July 11, 2022), Dkt 28.

6

2255(h) and 2244(b)."[22]

On October 14, 2022, the Second Circuit terminated the stay of Parkes' appeal, granted a certificate of appealability on the issue of whether Parkes' 18 U.S.C. § 924(c) conviction remains supported by any valid crime-of-violence predicate, and remanded for further proceedings.[23] It directed that this Court on remand "should decide in the first instance [i] whether the case law underlying Appellant's claim may be applied retroactively to cases on collateral review and [ii] whether Appellant's § 924(c) conviction is still supported by any valid crime-of-violence predicate."[24]

*Discussion*

I.  Section 2244

The parties agree that *United States v. Davis* and *United States v. Taylor* apply retroactively to cases on collateral review and invalidate both potential crime-of-violence predicates for Count Three. The government nevertheless argues that Parkes' Section 924(c) conviction should be sustained on a single procedural basis: his motion does not satisfy the threshold requirements for a successive Section 2255 motion pursuant to 28 U.S.C. § 2244(b)(2)(A). Specifically, it argues that Parkes' motion does not rely on "a new rule of constitutional law, made retroactive to cases on

---

[22] *Parkes*, No. 21-1324 (2d Cir. July 11, 2022), Dkt 32.

[23] *Parkes*, No. 21-1324 (2d Cir. Oct. 14, 2022), Dkt 49.

[24] *Id.*

7

collateral review by the Supreme Court, that was previously unavailable."[25] The government's argument is without merit.

As an initial matter, the government's procedural argument fails under the law of the case doctrine, which "forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings. It applies both to that which is expressly decided as well as to everything decided by necessary implication."[26] Here, the Court already implicitly decided that Parkes' challenge to Count Three meets the gatekeeping requirements of Section 2244 by denying that claim on the merits rather than dismissing it pursuant to 28 U.S.C. § 2244(b)(4) as requested by the government.[27]

In all events, the government's procedural argument fails also on the merits. To determine whether Parkes' motion relies on a new rule of constitutional law, the Court first must "engage in a searching inquiry" to determine whether, as "a question of historical fact," his conviction was based on the elements clause or the residual clause of Section 924(c).[28] The operative question is "whether [Parkes] was sentenced in violation of the new constitutional rule announced in [*Davis*], which held that [Section 924(c)'s] residual clause was unconstitutionally

---

[25] 28 U.S.C. § 2244(b)(2)(A).

[26] *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 21 (2d Cir. 2021) (internal citations and quotation marks omitted); *see also Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) ("Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication.").

[27] *See* Dkt 204, at 22 n.9.

[28] *Savoca v. United States*, No. 20-1502-PR, 2022 WL 17256392, at *2 (2d Cir. Nov. 29, 2022) (citing *Savoca v. United States*, 21 F.4th 225, 230 (2d Cir. 2021)) (emphasis in original).

8

vague."[29] If the sentencing record is "unclear as to the clause on which [the] original sentencing court had, in fact, relied," the Court may consider "background legal conditions" at the time of sentencing.[30] Finally, after conducting this factual inquiry, if the record is inconclusive as to which clause was the basis for Parkes' sentence, the Court will determine whether he has shown that his Section 924(c) conviction may have relied on Section 924(c)(3)(B)'s invalid residual clause.

First, the sentencing record is unclear as to the clause on which the Court relied in imposing the original sentence. As noted above, the jury instructions permitted conviction on Count Three if the jury convicted Parkes either of the alleged conspiracy to commit Hobbs Act robbery charged in Count One or the alleged attempted Hobbs Act robbery charged in Count Two.[31] The jury convicted Parkes on all counts, and there is no evidence in the record specifying whether Parkes' Count Three conviction was predicated on his conviction under Count One or Two.[32]

The government acknowledges that, at the time of Parkes' trial and sentencing, Hobbs Act robbery conspiracy was a crime of violence pursuant to the residual clause.[33] As for attempted Hobbs Act robbery, the government argues that the record establishes that Count Three rested on Section 924(c)(3)(A)'s elements clause. Specifically, the government cites to this Court's definition of "robbery" in the jury charge and contends that "[this] Court—and the

---

[29] *Massey v. United States*, 895 F.3d 248, 252 (2d Cir. 2018).

[30] *Savoca v. United States*, 2022 WL 17256392, at *3.

[31] Tr. at 500.

[32] *See id.* at 570.

[33] *See* Dkt 231, at 20.

parties—understood that actual or threatened use of force was an element of attempted Hobbs Act robbery."[34]

The government is mistaken. The Court defined attempted Hobbs Act robbery as having two elements: "First, that the defendant intended to commit the crime of robbery, and second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime of robbery."[35] At no point did the Court instruct the jury that the "substantial step" required the use of actual or threatened force. Rather, the Court specified that the substantial step had to go beyond "mere preparation" – with the caveat that "sometimes some preparations may amount to an attempt" – and had to "clearly indicate an intent to commit the crime."[36] Furthermore, the Court defined "robbery" to include the taking of property by placing a victim in fear of future economic loss.[37] Accordingly, even assuming that Parkes' conviction on Count Three was predicated on his conviction for attempted Hobbs Act robbery rather than Hobbs Act robbery conspiracy – which itself is unclear based on the sentencing record – the record does not indicate that Parkes was convicted on Count Three pursuant to the elements clause.

---

[34] *Id.* at 16–19.

[35] Tr. 496.

[36] Tr. 496–97.

[37] Tr. 478 ("[T]he use of a threat of force or violence might be aimed at . . . causing economic rather than physical injury," and that "[f]ear exists if at least one victim expresses anxiety, worry over . . . business loss or over financial or even job security."); Tr. 481 ("[W]henever I use the term robbery I am referring to . . . the entire definition."); *see also Savoca v. United States*, No. 16-cv-4465 (VB) (S.D.N.Y. Apr. 20, 2023), Dkt 71, at 30 (hereinafter "*Savoca* Tr.") (trial judge "defined actual robbery to include the taking of property by placing someone in fear of future economic loss, which would not necessarily required the use, attempted use, or threatened use of physical force or violence").

Given that the record does not specify the clause on which this Court actually relied at sentencing, the Court may consider "background legal conditions" at the time of sentencing.[38] If "the sentencing record is unclear as to the clause on which an original sentencing court had, in fact, relied," then the court "should consider the likelihood that applying a given clause would have been legal error at the time of sentencing, and should not assume sentencing courts would have chosen a legally erroneous clause over a legally permissible one."[39]

The government argues that "the law at the time of Parkes's trial and sentencing establishe[d] that attempted Hobbs Act robbery was considered a crime of violence under Section 924(c)'s elements clause."[40] Yet the Second Circuit cases relied upon by the government for that proposition, *United States v. Galicia-Delgado*[41] and *United States v. Brown*,[42] addressed attempted robbery under New York law, which had a "more stringent" attempt requirement than the "substantial step" test adopted by the Second Circuit under federal law.[43] Accordingly, those cases do not constitute relevant background legal conditions because neither case involved the Hobbs Act or Section 924(c), and the elements of attempted robbery under New York law were substantially

---

[38] *See Savoca v. United States*, 2022 WL 17256392, at *3.

[39] *Savoca*, 21 F.4th at 235.

[40] Dkt 231, at 19.

[41] 130 F.3d 518, 520 (2d Cir. 1997).

[42] 52 F.3d 415, 425-26 (2d Cir. 1995).

[43] *See United States v. Thrower*, 914 F.3d 770, 776–77 (2d Cir. 2019) ("'New York's attempt statute is 'more stringent' than the 'substantial step' test . . . adopted by [the Second Circuit].'" (quoting *People v. Acosta*, 80 N.Y.2d 665, 670 (1993)).

11

different than the elements of attempted Hobbs Act robbery.[44] Thus, the record, including both the sentencing record and the background legal conditions at the time of Parkes' trial and sentencing, is inconclusive.

The Court next must consider whether Parkes has shown that his Section 924(c) conviction may have relied on Section 924(c)(3)(B)'s residual clause. The Court notes that there is a circuit split regarding the appropriate standard of proof for a successive Section 2255 movant where the sentencing record is unclear as to which clause an original sentencing court relied on. Three Circuits have held that an applicant may proceed with a successive Section 2255 motion if the conviction "may have" rested on an unconstitutional residual clause – at least in circumstances where there is no valid alternative basis to support the conviction.[45] Six Circuits have held that such an applicant must show that he was "more likely than not" sentenced pursuant to an invalid residual

---

[44] *See Savoca* Tr. at 33–34 (holding that *Galicia-Delgado* and *Brown* do not constitute relevant background legal conditions on similar grounds).

[45] *United States v. Peppers*, 899 F.3d 211, 221 (3d Cir. 2018) ("In our view, § 2255(h) only requires a petitioner to show that his sentence may be unconstitutional in light of a new rule of constitutional law made retroactive by the Supreme Court. Peppers met that standard by demonstrating that he may have been sentenced under the residual clause of the ACCA, which was rendered unconstitutional in [*Johnson v. United States*, 576 U.S. 591 (2015)]"); *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017) ("We therefore hold that when an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in [*Johnson*], the inmate has shown that he 'relies on' a new rule of constitutional law within the meaning of . . . § 2244(b)(2)(A)."), abrogated on other grounds by *Stokeling v. United States*, 139 S. Ct. 544 (2019); *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017) ("We therefore hold that, when it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule announced in [*Johnson*]."), abrogated on other grounds by *Stokeling*.

clause.[46] Although the Second Circuit has not addressed this issue, "the vast majority of the district courts [in this Circuit] that have considered the issue" have adopted the "may have relied" standard,[47] concluding in substantially similar cases that it is "the more sensible and correct one."[48] This Court concurs and also adopts the "may have relied" standard.

Parkes plainly satisfies that burden here. As the Court already has found, there is nothing in the sentencing record or the background legal conditions establishing that Parkes' Section 924(c) conviction was predicated on attempted Hobbs Act robbery. It necessarily follows that his conviction may have been predicated on the Hobbs Act robbery conspiracy count, which the government concedes was a crime of violence pursuant to the residual clause. Furthermore, even assuming that Parkes' conviction on Count Three was predicated on his conviction for attempted Hobbs Act robbery, that conviction also may have relied on the residual clause rather than the elements clause. Accordingly, Parkes has shown that his Section 924(c) conviction may have relied on the residual clause that was invalidated by *Davis* and therefore has satisfied the gatekeeping

---

[46] *See Dimott v. United States*, 881 F.3d 232, 243 (1st Cir. 2018); *United States v. Clay*, 921 F.3d 550, 558–59 (5th Cir. 2019); *Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 2018); *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018); *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018); *Beeman v. United States*, 871 F.3d 1215, 1221–25 (11th Cir. 2017).

[47] *Thrower*, 234 F. Supp. 3d at 377 (collecting cases), rev'd on other grounds and remanded, 914 F.3d 770 (2d Cir. 2019); *see also United States v. Lloyd*, No. 10-cr-0622 (JS), 2020 WL 4750241, at *6–7 (E.D.N.Y. Aug. 17, 2020); *United States v. Lewis*, No. 10-cr-622 (ADS), 2020 WL 2797519, at *7–8 (E.D.N.Y. May 22, 2020); *Buie v. United States*, No. 15-cv-3945 (JPO), 2017 WL 3995597, at *3 (S.D.N.Y. Sept. 8, 2017); *Belk v. United States*, No. 16-cv-4508 (LTS), 2017 WL 3614446, at *2–4 (S.D.N.Y. Aug. 22, 2017).

[48] *Savoca* Tr. 42 (holding that "the 'may have' standard is the more sensible and correct one").

13

requirements of Section 2244(b)(2)(A).[49]

II.   *Merits of Parkes' Successive Section 2255 Motion*

Given that Parkes has satisfied the gatekeeping requirements of Section 2244(b)(2)(A), the Court may address the merits of Parkes' motion. The parties agree that

---

[49] In all events, even if Parkes were required to show that it was "more likely than not" that his conviction on Count Three was based on Section 924(c)(3)(B)'s residual clause, the Court finds that he would satisfy that standard also. It is beyond dispute that the jury relied on Section 924(c)(3)(B)'s residual clause to convict Parkes on Count Four because the sole predicate offense for Count Four was the Count One conspiracy to commit Hobbs Act robbery, which qualified as a Section 924(c) crime of violence pursuant to the residual clause only. It is logical to infer that if the jury relied on the residual clause for Count Four that it did so also for Count Three, which was a lesser-included offense of Count Four. Furthermore, given that the Court relied on the residual clause to classify Hobbs Act robbery conspiracy as a crime-of-violence predicate, it is logical to infer that the Court relied on the residual clause for attempted Hobbs Act robbery also because the latter offense required proof of the same intent as the conspiracy offense, plus a "substantial step" toward committing the robbery. Tr. 496. Accordingly, the attempted Hobbs Act robbery count necessarily involved an equal, if not greater, "risk that physical force against the person or property of another [would] be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *see also Savoca* Tr. at 37 ("[T]he likely reason for the parties and the judge not to discuss or even mention whether attempted Hobbs Act robbery was a crime of violence under either the elements clause or the residual clause is that they didn't have to discuss it . . . because it was self-evident that attempted Hobbs Act robbery constituted a crime of violence, at least under the residual clause[,] for the same reason that Hobbs Act conspiracy constituted a crime of violence under the residual clause, namely, that the offense by its nature involved a substantial risk that physical force may be used against the person or property of another."). Finally, as other courts in this Circuit have concluded, the residual clause offered "the most obvious path" to a crime-of-violence predicate at the time of Parkes' trial and sentencing. *See Villanueva v. United States*, 191 F. Supp. 3d 178, 184 (D. Conn. 2016) (movant "more likely than not" was sentenced under ACCA's residual clause because it was "the most obvious path" to an ACCA predicate in 2000, would "readily have encompassed" the relevant crime, and would have required "a minimum of statutory analysis"), *vacated on other grounds and remanded*, 893 F.3d 123 (2d Cir. 2018); *see also Savoca* Tr. at 38 ("[T]he sweeping language of the residual clause . . . is broad enough to encompass attempted Hobbs Act robbery without anyone having to give it much thought. . . . [T]his is exactly the type of background legal condition that supports the conclusion that Savoca's [§] 924(c) conviction was based on the residual clause.").

14

both *Davis* and *Taylor* apply retroactively to cases on collateral review.[50] The parties agree also that Parkes' Count Three conviction pursuant to Section 924(c) had only two potential crime-of-violence predicates: the Count One conspiracy to commit Hobbs Act robbery and the Count Two attempted Hobbs Act robbery.[51] Finally, the parties agree that, together, *Davis* and *Taylor* invalidate both Hobbs Act robbery conspiracy and attempted Hobbs Act robbery as crime-of-violence predicates under Section 924(c).[52] Accordingly, Parkes' motion to vacate his conviction on Count Three is granted.

III.    *De Novo Resentencing*

Finally, the Court agrees that *de novo* resentencing is not required substantially for the reasons set forth in Parkes' motion papers.[53] In *United States v. Pena*, the Second Circuit held that "[Section] 2255's statutory text vests district courts with discretion . . . to decide whether or not to conduct a de novo resentencing" following vacatur of a count of conviction.[54]

In *Pena*, the movant was convicted on three counts of murder for hire pursuant to

---

[50] *See* Dkt 231, at 14 ("The Government agrees that *Taylor* applies retroactively on collateral review."); *id.* at 15 (citing *Hall v. United States*, 58 F.4th 55, 62 & n.3 (2d Cir. 2023)) ("*Davis* is a new rule of constitutional law that has been made retroactive to cases on collateral review.").

[51] *See, e.g.*, Dkt 227, at 6; Dkt 231, at 16 (referring to "one predicate of Parkes's Section 924(c) conviction, attempted Hobbs Act robbery," and "the other predicate, Hobbs Act robbery conspiracy").

[52] *See* Dkt 231, at 13–14 (citing *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019); *United States v. Taylor*, 142 S. Ct. at 2020–21).

[53] *See* Dkt 232, at 13.

[54] *United States v. Pena*, 58 F.4th 613, 615 (2d Cir. 2023).

18 U.S.C. § 1958 and two counts of using a firearm to commit murder pursuant to 18 U.S.C. § 924(j)(1), and was sentenced to five concurrent life terms. Following *Davis*, the two Section 924(j)(1) counts were vacated and the movant sought *de novo* resentencing on the murder-for-hire counts. The district court declined to conduct *de novo* resentencing in view of the mandatory life terms carried by each of the murder-for-hire counts. The Second Circuit affirmed, reasoning that Section 2255 "grants district courts the discretion to choose among four remedies when reviewing a sentence that was not authorized by law or is otherwise open to collateral attack. . . . A court may: '[1] vacate and set the judgment aside and . . . discharge the prisoner or [2] resentence him or [3] grant a new trial or [4] correct the sentence as may appear appropriate.'"[55] The Circuit held that the district court in *Pena* did not abuse its discretion because "[a]ny resentencing would have been 'strictly ministerial,' serving simply to delete the sentences on the now-vacated counts."[56]

In the present case, *de novo* resentencing similarly is not required in view of the Court's vacatur of Count Three because it would be "strictly ministerial."[57] The Court already has imposed the statutory maximum sentence on each of the three remaining counts – 20 years for Count One, 20 years for Count Two, and 10 years for Count Five – all of which run concurrently.[58] Accordingly, the Court instead will enter an amended judgment reflecting the vacatur of Counts Three and Four and reimposing Parkes' sentence on the remaining counts.

---

[55] *Id.* at 618 (quoting 28 U.S.C. § 2255(b)).

[56] *Id.* at 623 (quoting *United States v. Powers*, 842 F.3d 177, 180 (2d Cir. 2016) (per curiam)).

[57] *Id.* at 623 ("[A] district court may properly deny de novo resentencing when the exercise would be an empty formality, as it would be here.").

[58] *See* Dkt 135, at 4 ("Parkes argues, correctly, that he can be sentenced only to 20 years on Counts 1, 2, and 5.")

*Conclusion*

For the foregoing reasons, Parkes' motion to vacate his conviction on Count Three (Dkt 185) is granted. The Court will enter an amended judgment reflecting the vacatur of Counts Three and Four and reimposing Parkes' sentence on the remaining counts. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: July 31, 2023

_____
Lewis A. Kaplan
United States District Judge